UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               No. 1:19-cr-118

    vs.                        Hon. Paul L. Maloney
                               United States District Judge

AARON WILLIAM FEIN,

        Defendant.
_____/

## GOVERNMENT'S MOTION AND BRIEF IN SUPPORT FOR DETENTION

May it please the Court, the United States moves to detain the defendant without bond pending his final supervised release violation hearing. The defendant's underlying criminal offense involved preparations for a mass shooting; including training with semiautomatic weapons, manufacturing an AR-15 style rifle in his home with power tools and attempting to manufacture a remote-detonated bomb. His current violations include flight after a physical assault, while attempting to steal another power tool. Releasing him would risk nonappearance at future court hearings and pose an unacceptable risk to the safety of the community.

## FACTS

### The Original Offense

1.     In March 2020, defendant Fein was sentenced to 27 months' imprisonment for lying to FBI agents. (R. 68: Judgment, PageID.520.) The underlying facts are pertinent to the detention determination and are recapped below.

2. In 2018, Fein was pulled over for secondary inspection when he appeared nervous trying to re-enter the United States from Canada. (R. 63: Presentence Report "PSR" ¶ 9, PageID.418.) He had hand-copied Al Qaeda plans for the assembly of a remote-detonated pipe bomb to his notebook, and his checklist indicated he had already acquired many of the necessary components. (*Id.* ¶ 10, PageID.418.)

3. Fein's phone showed he had been researching mass shootings and bombers; including Timothy McVeigh, the Boston Marathon bombers and other high-profile domestic terrorists. (*Id.* ¶ 13, PageID.418-19.) Fein, who received an engineering degree from the University of Michigan, had downloaded internet primers on explosives engineering and wireless communications circuits, and admitted he had similar information on his home computer. (*Id.* ¶¶ 14, 106, PageID.419, 431.) The Michigan State Police ("MSP") bomb squad found electronic circuitry and other items consistent with initial attempts to construct a remote detonation device at his residence. (*Id.* ¶ 15, PageID.419.)

4. In an interview with Homeland Security Investigations ("HSI"), Fein disclosed that he posted pictures of mass shootings online and commented in his posts that he might go "shoot up a school." (*Id.* ¶ 17, PageID.419.) The Federal Bureau of Investigation ("FBI") began intensely monitoring Fein and any attempts he might make to purchase a firearm from a licensed dealer. (*Id.* ¶ 18, PageID.419.) Fein made several attempts to buy and rent semiautomatic pistols, assault rifles

and ammunition in the following months; some thwarted and others successful. (See, e.g., PSR ¶¶ 19, 22, 24, 25, 26, 30, PageID.419-21.)

5. During this period, Fein paid for and received training in the use of firearms typically associated with mass shooting incidents: He took several shooting lessons and successfully purchased a Glock semiautomatic pistol from a gun store in Wyoming, Michigan on March 2, 2019. (*Id.* ¶ 25, PageID.420.) He surrendered the firearm to FBI when confronted shortly thereafter. (*Id.*) He attempted to rent a firearm and range time at a different gun range and store in Kentwood, Michigan on March 4, 2019. (*Id.* ¶ 26, PageID.421.) His disruptive behavior at the range led to a mental health evaluation, and an order from the Kent County Probate Court prohibiting him from possessing firearms. (*Id.* ¶ 27, PageID.421.)

6. Fein violated that order on April 18, 2019 by driving to Ann Arbor, Michigan, where he rented an M4-A1 semiautomatic assault carbine and paid for one hour of weapons training at a third gun range. (*Id.* ¶ 31, PageID.421.) When that range terminated his lesson in progress after a tip from law enforcement, Fein drove to Ohio and rented a hotel room near a fourth gun dealer. (*Id.*)

7. MSP and FBI intercepted Fein on his way back to Grand Rapids the next day, April 19, 2020. (*Id.* ¶ 33, PageID.422.) Fein lied that he had "not possessed or fired a firearm." (*Id.* ¶ 34, PageID.422; R. 15: Indictment, PageID.50.) Not long thereafter, GPS monitoring established Fein was at a Home Depot store in Grand Rapids, where he purchased a vise and told a clerk he was planning to do some metal cutting. (*Id.* ¶ 36, PageID.422.) Suspecting he was on the verge of

3

assembling a functional weapon for a mass shooting, law enforcement officers arrested Fein at his home. (*Id.* ¶ 37, PageID.422.) When asked if he had firearms or firearms parts in the house, Fein lied. (*Id.* ¶ 37, R. 15: Indictment, Count 2, PageID.51.) Police found two AR-15 assembly kits in Fein's basement. (R. 63, PSR ¶¶ 34-35, PageID.422.)

8. Four days later, FBI learned Fein had instructed his cellmate to call his aunt on a non-recorded line and ask her to remove a gray box from his residence. (*Id.* ¶¶ 38, 45, PageID.422-23.) FBI searched the house and found the box, containing what the MSP bomb squad identified as components for a remote-detonated improvised explosive device. (*Id.* ¶ 40, PageID.423.) In addition, agents discovered Fein had encrypted his desktop computer, defeating the Joint Terrorism Task Force's ability to read its contents. (*Id.* ¶ 42, PageID.423.)

9. While Fein was in custody pending trial, FBI continued to monitor his jail calls. In a recorded call on June 29, 2019, he asked his aunt to bring him a copy of "Mein Kampf," Adolph Hitler's autobiography and political manifesto. (She refused). During an October 4, 2018 FBI interview, Fein admitted he had posted epithet-laden messages about "killing [Black people]," said he felt isolated and left out, like "everyone else has a life and [I do] not," and admitted he "blames society for feeling this way." (R. 65: Gov't Sentencing Memo, PageID.445.)

### The Supervised Release Violations

10. On April 24, 2023, Fein attempted to steal a Mastercraft 20-volt cut-out tool and two boxes of Allegra 24-hour allergy pills from Menard's store in Alpine

4

Township. (R. 84: Petition for Warrant, pp 1-2; Kent County Sheriff's Office (KCSO) Incident No. 23-121756.) When the store manager attempted to block his exit from the store with the stolen merchandise, Fein punched him in the face, knocking him to the ground. (*Id.*) Fein fled on foot, then drove off in a Honda Civic with no license plates. (*Id.*)

11. According to KCSO, Fein is also wanted by multiple area agencies for stealing Amazon packages from residential front porches. (Incident No. 23-121756, p. 5.) The offender in those cases reportedly drove a Honda Civic with no license plates.

12. According to U.S. Probation, Fein has failed to maintain employment since his release. (R. 84: Petition for Warrant, pp. 2-3.) Fein quit his last job in October 2022 after reportedly getting in a verbal altercation with a co-worker, and failed to advise his Probation Officer until two months after his termination. (*Id.*)

## LAW AND ARGUMENT

A person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge. Fed. R. Crim. P. 32.1(a)(1). The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person. *Id.*

Fein's flight from the scene of a strong-arm robbery suggests a risk of nonappearance at future court hearings. But the assault, viewed in the context of

5

his past conduct, raises a much more serious concern about the safety of the community. Fein demonstrated a fascination with mass shootings and trained with semiautomatic assault weapons. When repeatedly thwarted from obtaining or keeping such weapons, he began making his own with household power tools – like the one he recently tried to steal from Menard's.

Fein's felony conviction may prohibit him from obtaining firearms from a licensed firearms dealer. But he can still obtain firearms from private parties, who have no obligation to run a background check. Moreover, he has demonstrated the expertise and willingness to manufacture his own weapons from commercially available parts. Finally, he has flouted court orders in the past, like the County Probate Court's order not to use or possess firearms. Under the circumstances, there are no conditions or combination of conditions that can reasonably assure the safety of the community if Fein is released.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: May 9, 2023

/s/ *Nils R. Kessler*
NILS R. KESSLER
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
*nils.kessler@usdoj.gov*